IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GLENN R. RILEY, 1782760, )<br>       Petitioner, )<br>)<br>v. )<br>)<br>WILLIAM STEPHENS, Director, TDCJ-CID, )<br>       Respondent. ) | No. 3:14-CV-0246-K |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is William Stephens, Director of TDCJ-CID.

**II.  Background**

On April 24, 2012, Petitioner pled guilty to indecency with a child and, pursuant to a plea agreement, was sentenced to twelve years in prison. *State of Texas v. Glenn R. Riley*, No. F10-25595-K (Crim. Dist. Ct. No. 4, Dallas County, Tex., Apr. 24, 2012). Petitioner did not file a direct appeal.

On February 20, 2013, Petitioner filed a state habeas petition. *Ex parte Riley*, No. 75,352-01. On May 22, 2013, the Texas Court of Criminal Appeals denied the petition without

written order. On July 8, 2013, the Court of Criminal Appeals denied Petitioner's motion for reconsideration.

On January 15, 2014, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues:

1. He received ineffective assistance of counsel when counsel lied to him, acted as a second prosecutor and forced Petitioner to sign a plea agreement;

2. The evidence was insufficient to support the conviction; and

3. He received ineffective assistance of counsel because counsel had a conflict of interest.

On June 26, 2014, Respondent filed his answer arguing, *inter alia*, that the petition is barred by limitations. Petitioner did not file a reply. The Court now finds the petition should be dismissed as time-barred.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

Petitioner was convicted on April 24, 2012. He did not appeal his conviction. His conviction therefore became final thirty days later on May 24, 2012. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues).

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On February 20, 2013, Petitioner filed a state habeas petition. This petition tolled the limitations period for 139 days, until the Texas Court of Criminal Appeals

---

[1] The statute provides that the limitations period shall run from the latest of--

>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

denied the petition and the motion for reconsideration on July 8, 2013. When 139 days were added to Petitioner's May 24, 2013 AEDPA deadline, his new deadline became October 10, 2013. Petitioner, however, did not file his § 2254 petition until January 15, 2014. The petition is therefore untimely.

Further, although Petitioner states he relies on the Supreme Court's decision in *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309 (2012), to toll the limitations period, this decision did not extend Petitioner's filing period. Under 28 U.S.C. § 2244 (d)(1)(C), a petitioner has one year to file his § 2254 petition from the date the Supreme Court newly recognizes a constitutional right, and makes the right retroactively applicable on collateral review. The *Martinez* case was decided on March 20, 2012. Petitioner failed to file his § 2254 petition within one year of this decision. Further, the Supreme Court has not held that Martinez is retroactively applicable on collateral review. *See Adams v. Thaler*, 679 F.3d 312, 323 n.6 (5th Cir. 2012) ("The Martinez rule is not a constitutional rule but an equitable principle."). Finally, the *Martinez* case applies only to the issue of cause to excuse procedural default of an ineffective assistance of counsel claim and does not apply to the AEDPA's statute of limitations.

**B.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of

action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 18th day of February, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).